# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO. 5:21-cr-27-JA-PRL

**JESUS VILLAGRAN-GONZALEZ**

## ORDER

This matter is before the Court on Defendant Jesus Villagran-Gonzalez's Motion to Revoke Order of Detention (Doc. 25). The Government opposes the motion. (Doc. 29). For the following reasons, the motion is denied.

When the government or the court is concerned that there is a serious risk that a defendant will flee before trial, 18 U.S.C. § 3142 instructs that a judicial officer—in this case the magistrate judge—must conduct "a hearing to determine whether any condition or combination of conditions set forth in [this statute section] will reasonably assure the appearance of the person as required." 18 U.S.C. §3142(f). The burden in on the government to show by a preponderance of the evidence that no conditions of release will overcome the risk of flight and detention is thus necessary. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). The government may make this showing by way of proffer. United States v. Hong Vo, 978 F. Supp. 2d 41, 42 (D.D.C. 2013)(citing United States v. Smith, 79 F.3d 1208, 1219 (D.C. Cir. 1996)).

Factors the judge must consider in making the determination include (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person " and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4).

"If a person is ordered detained by a magistrate ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation ... of the order." 18 U.S.C. § 3145(b). Upon receipt of such a motion the district court must "conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary." King, 849 F. 2d at 490. This *de novo* review involves the court doing one of two things. Id. One, after "a careful review of the pleadings and the evidence developed at the magistrate's detention hearing," the court may explicitly adopt the magistrate judge's order if the court finds that the judge's factual findings are supported and legal conclusions are correct. Id. Two, after reviewing the motion the court may conduct a hearing if it "determines that additional evidence is necessary or that factual issues remain unresolved." Id. In the second instance, the "court

must enter written factual findings and written reasons supporting its decision ." Id.

I have carefully reviewed Defendant's Motion to Revoke Order of Detention (Doc. 25), the Government's response (Doc. 29), the Complaint (Doc. 1), the Indictment (Doc. 13), the Order of Detention Pending Trial (Doc. 10), the Motion for Pretrial Release/Bond (Doc. 21), and the Order denying Motion for Pretrial Release (Order of Detention Pending Trial) (Doc. 24). I also listened to the audio recording of the hearing on Defendant's Motion for Pre-Trial Release (Doc. 26). In addition, I considered the State of Florida's April 14, 2021 announcement that it will not proceed to prosecute Defendant in Case No. 2021-CF-001107-A-W. (Doc. 27-1).

Having done so, I adopt the Magistrate Judge's Order because his factual findings are supported and his legal conclusions are correct, despite the state's decision not to prosecute Defendant. No additional evidence is needed, nor do any factual issues remain unresolved. No evidentiary hearing is required.

Defendant's Motion to Revoke Order of Detention (Doc. 25) is **DENIED.** The Court adopts the Magistrate Judge's Order of

Detention Pending Trial. (Doc. 24).

**DONE** and **ORDERED** in Orlando, Florida, on May 5th, 2021.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant